Martin, J.
delivered the opinion of the court. This action is brought, in the sheriff's name, on a bond given by one of the defendants as principal, and the other as a surety, on the purchase by the principal of a tract of land, sold on an execution. The first part of the bond, is in the ordinary form, of the penal part of an English bond, in which the parties bind themselves, jointly and severally, in the sum of $73O, for which the premises were sold, not as usual, for double the sum. The second part is in the form of the condition of an English bond, it recites the sate of the premises under the execution, the adjudication of them to the vendee, and concludes with the condition usual in English bonds, that on the payment of the purchase money, the bond wil be null and void.
The answer avers, that the defendants are not indebted to plaintiff, because one of them, Young, the principal in the bond, is a creditor of one of the persons, for whose interest the suit is brought, for the sum of $217, for which he has, at the time of the answer, a suit de *365 pending in the court he is sued in-that he is a creditor of another of the persons, for whose interest the suit is brought, for the sum of $280, for professional services-and that he is ready to pay the balance.
The district court dismissed the suit, being of opinion, that "the sheriff must, first resort to the mortgaged premises, (the land sold under the execution) and in case that should be insufficient, then the estate of the purchaser, as well as that of his surety in the bond, is bound; the decree then would be, that the mortgaged property, be first sold, and in case it should not be sufficient to make the money, then for the balance, execution should go, against the estate of the purchaser and his surety-the surety is only liable in the event, that the mortgaged property should be insufficient: it must be first discussed."
From this judgment, the plaintiff appealed. The statement of facts, admits the execution of the bond, and an amicable demand.
The case has been submitted to this court, without any argument.
The allegations of the petition are not denied by the defendants, and the facts alledged in the answer are not proven.
The defendant Young, the principal obligor, *366 bound himself personally to pay the $730, the price at which the land had been adjudicated to him: and although according to the act of 1808, 15, he gave a mortgage and surety; we are unable to discover, on what grounds the district court assumed the position, that the land ought to be first resorted to, and that the purchaser was not to be personally attacked, till the land proved insufficient to pay the debts.
The other defendant, who bound himself in solido with the vendee, appears to us to be also liable to a suit immediately. Civil Code 428, art. 7. Admitting that he had a right to demand a discussion of the mortgaged premises, or any other property of the principal debtor, as yet did not require it, the plaintiff was entitled to judgment. The creditor is not bound to discuss the principal debtor's property, unless he should be required so to do, by the surety. Civil Code 430, art. 8.
It is therefore, ordered, adjudged and decreed, that the judgment of the district court be anulled, avoided and reversed : and proceeding to give such a judgment, as in our opinion, ought to have been given in the district court, we order, adjudge and decree, that the plaintiff and appellant, do recover from the *367 defendants, the sum of seven hundred and thirty dollars, with legal interest, from the fourth day of September 1816, until paid, with costs in both courts.
Hennen for the plaintiff, Young for the defendants.